UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

TRACY LOVELACE, AS MOTHER
AND GUARDIAN OF CARESS
LOVELACE, AN INFANT,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, THE NEW
NYC POLICE OFFICER KEITH WALLEN,
Shield #06108, individually and
in his official capacity,

                Defendants.

----------------------------------------X

PLAINTIFF'S
VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

CV 02 5398

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT - 7 2002 ★
BROOKLYN OFFICE

BLOCK, J.
AZRACK, J.

1.   This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth, Fifth amendments and Fourteenth Amendment to the Constitution of the United States and for assault and battery, false arrest, abuse of process, malicious prosecution, intentional infliction of emotional distress, and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

### JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. sec. 1983 and 42 U.S.C. sec. 1985.  Jurisdiction is founded upon 28 U.S.C. sec. 1343.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. sec. 1367.  Venue is

1

proper in this district under 28 U.S.C. sec. 1391(b) in that all claims arose in this district.

### PARTIES

3. Plaintiff Tracy Lovelace is a resident of the City of New York, Kings County, in the State of New York.

4. At all times hereinafter mentioned, the Defendant, Police Officer Wallen, was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of his employment.

5. He is sued individually and in his official capacity as a New York City Police Officer.

6. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the Defendant New York City Police Department and employed the individual Defendant sued herein.

7. That upon information and belief the City was responsible for the training of its police officers.

8. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

9. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the

officers involved in the violation of civil rights, assault, false arrest and malicious prosecution of the Plaintiff.

## FACTS

10. On or about September 24, 2001, at approximately 3:15 P.M., Caress Lovelace was walking in front of Intermediate School 117, at Willoughby Avenue and Skillman Street, in Brooklyn, New York when defendant officer grabbed her by the neck, assaulted her and arrested her without probable cause to do so.

11. Defendant officer falsely accused Ms. Lovelace of assault, menacing, harassment and possession of a weapon.

12. All of the paperwork prepared regarding these false charges was prepared by defendant officer.

13. The defendant officer included in his paperwork material misstatements of fact which he knew to be false. Defendant knew that these documents would be relied on by the prosecutor and the Court during Plaintiff's prosecution.

14. The defendant officer falsely testified at trial against plaintiff alleging the commission of these crimes.

15. On August 2, 2002, Caress Lovelace was found not guilty of all charges by a judge of the criminal court.

16. Plaintiff suffered pain and physical injuries. As a result of said injuries and prosecution, plaintiffwas unablke to attend to her usual routine.

17. As a result of Plaintiff's false arrest, incarceration, vicious assault, malicious prosecution and

violation of her civil rights, Plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional and physical injuries.

18. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendants' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to prevent the exercise of such tendencies.

19. Defendants City and N.Y.P.D. knew or should have known that prior to the arrest date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of defendant officers was occurring, in that there were reports of such unlawful conduct by these specific officers.

20. Defendants City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

21. Within 90 days of the arrest, and again on August 16, 2002, Notices of Claim were served upon the Defendant City of New York, setting forth :

   1. The name and post office address of the Claimant and his attorney;
   2. The nature of the claim;
   3. The time when, the place where, and the manner in which the claim arose;
   4. The items of damages and injuries sustained so far as practicable.

22. The Notices of Claim were served upon the Defendant City within 90 days after Plaintiff's several causes of action accrued.

23. More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

24. The City of New York and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

25. The Plaintiff has submitted to an inquiry concerning the justness of his claims as provided by Section 50-H of the General Municipal Law.

26. This action has been commenced within one year and 90 days after Plaintiff's various cause of action have accrued.

27. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

### FOR A FIRST CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS

28. Plaintiff reiterates and realleges the facts stated in paragraphs 1-27 as if stated fully herein.

29. As a result of their actions, Defendants, individually, and in conspiracy with each other, under "color of law", deprived plaintiff of her right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

30. Defendants subjected Plaintiff to these deprivations of her rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

31. As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries, endured great pain and mental suffering, and was deprived of her liberty.

FOR A SECOND CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

32. Plaintiff reiterates and realleges the facts stated in paragraphs 1-31 as if stated fully herein.

33. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

34. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

AS AND FOR A THIRD CAUSE OF ACTION
FOR ASSAULT AND BATTERY

35. Plaintiff reiterates and realleges the facts stated in paragraphs 1-34 as if stated fully herein.

36. At the said time and place, Plaintiff, without any just cause or provocation was assaulted and intentionally injured by Defendant officers, acting within the scope of

their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City.

37. By reason of said assault, Plaintiff sustained injuries as aforesaid for which all Defendants are liable.

38. The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR FALSE ARREST AND FALSE IMPRISONMENT

39. Plaintiff reiterates and realleges the facts stated in paragraphs 1-38 as if stated fully herein.

40. Plaintiff while lawfully in Brooklyn, New York, was arrested without just cause, provocation, probable cause, or any valid reason, by agents, servants and/or employees. This Defendant was employed by the Defendants City and N.Y.P.D., and was acting within the scope of his employment, "under color of law", and on behalf of his employers, Defendants City and N.Y.P.D.

41. Plaintiff was falsely held and imprisoned for approximately 24 hours as a result of her false arrest.

42. This false imprisonment was perpetrated against Plaintiff by agents, servants and/or employees of the Defendant City and N.Y.P.D., and acting within the scope of their employment, "under color of law", and on behalf of their employer, Defendants City and N.Y.P.D..

43. As a result of the occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages and injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR ABUSE OF PROCESS AND MALICIOUS PROSECUTION

44. Plaintiff reiterates and realleges the facts stated in paragraphs 1-43 as if stated fully herein.

45. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

46. As a result of abuse of process and malicious prosecution, plaintiff was compelled to come to court.

47. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendant officers, and The City of New York for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendant officers, and The City of New York for punitive damages in the amount of Four Million ($4,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. sec. 1988;

b) Granting such other and further relief which to the Court seems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       October 1, 2002

                                        **RESPECTFULLY,**

                                        /s/ 

                                        **STEVEN A. HOFFNER, ESQ.**
                                        Attorney for the Plaintiff
                                        350 Broadway, Suite 1105
                                        New York, New York 10013
                                        (212) 941-8330
                                        (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER**, an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows: investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       October 2, 2002

STEVEN A. HOFFNER, ESQ.
(SH-0585)

11